UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SIMON CRANE SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MANITEX, INC., | ) | |
| | ) | |
| Defendant/Third Party Plaintiff/ | ) | Case No. 4:03CV01781 AGF |
| Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MERTZ, INC., | ) | |
| | ) | |
| Third Party Defendant/ | ) | |
| Counterclaim Plaintiff. | ) | |

**<u>ORDER</u>**

This matter is before the Court on the motion of Mertz, Inc., to Strike Manitex's Amended Rule 26(a) Disclosure [Doc. #111], filed on January 19, 2006. In its motion, Mertz seeks to strike the designations in Manitex's Rule 26(a) disclosure of two expert witnesses not previously designated by Manitex: James Briem and Mark Ezra. Mertz asserts that it will suffer prejudice in the event the late designation is permitted. In the alternative, Mertz requests that it be permitted to take the deposition of Mr. Briem and cross-designate its own expert.

In its response, Manitex asserts that it has no intention of calling Mark Ezra as an expert witness, but listed him out of an abundance of caution. Manitex also asserts that Mertz cannot claim either surprise or prejudice as a result of the designation of Mr.

Briem, as he was previously designated as an expert witness by the Plaintiff, whose claims have now been settled and dismissed. Further, Mr. Briem's deposition was previously taken by the parties, including Mertz, and at that deposition Mr. Briem offered the opinions Manitex now seeks to use, namely, that the crane failure was due to inadequate welding and use of the wrong type of steel in the area of the welds.

Upon review of the case, the Court cannot see how Mertz can claim surprise with respect to the designation of Mr. Briem. He was previously disclosed as an expert by plaintiff and was deposed by the parties on June 27, 2005. Mr. Briem was also listed by Manitex as a possible witness on the pretrial materials filed by Manitex on June 28, 2005. Nor will Mertz be unfairly prejudiced by the designation by Manitex of Mr. Briem as an expert witness, assuming that Mr. Briem does not offer opinions that differ from those previously offered. At the time Mr. Briem was designated by Plaintiff, Mertz was defending the same third party claim by Manitex that it now defends, namely, that any failure of the crane was due to inadequate performance by Mertz. Thus, Mertz's interest in cross-examining the witness was no different then than it is now, and its need to cross-designate an expert witness was no different then than now.

As such, Mertz's motion to strike the designation of Mr. Briem as an expert shall be denied. Although the Court believes that Mertz had both the opportunity and incentive fully to cross-examine Mr. Briem at his prior deposition, Manitex does not object to permitting a further deposition of the witness, which the Court shall allow.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Mertz, Inc., to Strike Manitex's Amended Rule 26(a) Disclosure [Doc. #111] is **GRANTED in part and DENIED in part**. To the extent Mertz seeks to strike the designation of James Briem as an expert witness, the motion shall be denied, subject to the following conditions: (1) Mr. Briem's opinions shall be limited to those previously expressed; and (2) Mertz shall be permitted to re-depose Mr. Briem, and Manitex shall make him available to Mertz for such deposition within thirty (30) days, or such other time as may be mutually agreeable to the parties.

**IT IS FURTHER ORDERED** that to the extent Mertz seeks to strike the designation of Mark Ezra as an expert, the motion is **Denied as moot**.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of February, 2006.